# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

J & J SPORTS PRODUCTIONS, INC.,
        Plaintiff,

v.                                            Case No. 18-CV-492

PTG LLC d/b/a COOPS TAVERN, and
JASON L. MOELLER,
        Defendants.

## DECISION AND ORDER

PTG LLC does business as Coops Tavern. On May 2, 2015, it showed the pay-per-view fight between Floyd Mayweather and Manny Pacquiao. However, it did not pay the commercial rate for the fight. J&J Sports Productions, Inc., which owned the right to distribute the fight, brought this action against PTG and Jason L. Moeller, a member of PTG, alleging violations of 47 U.S.C. §§ 553 and 605.

Based on the court's discussions with the parties at a January 23, 2019 status conference, there to be no dispute as to liability. It is undisputed that the defendants paid only the residential rate for the broadcast but showed it in their commercial establishment. (ECF No. 24.) Thus, the only remaining question to be tried is what amount of damages should be awarded to J&J. J&J is not seeking actual damages. Rather, it seeks only statutory damages. The defendants in their answer demanded a

jury. (ECF No. 6 at 3.) J&J argues that the defendants have no right to a jury trial when the plaintiff seeks only statutory damages. The court ordered the parties to submit briefs on the question (ECF No. 24), and the parties have done so (ECF No. 26, 27).

A right to a jury trial may emerge from statute or from the Constitution's Seventh Amendment. Because courts should try to avoid constitutional questions, *Tull v. United States*, 481 U.S. 412, 417 n.3 (1987), the court first considers whether 47 U.S.C. § 553 or 47 U.S.C. § 605 affords a party a right to a jury trial.

Under 47 U.S.C. § 553(c)(3):

(A) Damages awarded by any court under this section shall be computed in accordance with either of the following clauses:

> (i) the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to prove only the violator's gross revenue, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation; or

> (ii) the party aggrieved may recover an award of statutory damages for all violations involved in the action, in a sum of not less than $250 or more than $10,000 *as the court considers just*.

(B) In any case in which *the court finds* that the violation was committed willfully and for purposes of commercial advantage or private financial gain, *the court in its discretion* may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000.

(C) In any case where *the court finds* that the violator was not aware and had no reason to believe that his acts constituted a violation of this section,

> *the court in its discretion* may reduce the award of damages to a sum of not less than $100.

47 U.S.C. § 553(c)(3) (emphasis added). Similar provisions are set forth in 47 U.S.C. § 605(e).

The penalty provisions of the statutes are silent as to the right to a trial by jury. While the language of the statutes does refer to determinations to be made by the court, including using the phrases "as the court considers just," "the court finds" and "the court in its discretion," the use of the term "the court" in that context does not indicate whether Congress intended damages to be determined by a judge or a jury. *See, e.g., Feltner v. Columbia Pictures Tv*, 523 U.S. 340, 346 (1998) (discussing similar language in the Copyright Act); *but see id*. at 356 (Scalia, J., concurring) (stating these phrases could be understood to refer to a jury, and because statutes should be read to avoid constitutional questions, should be read as conferring a right to a jury trial). Nor can any such intent be discerned from the statutes' legislative histories.

The court agrees with the long list of other courts who have concluded that the plain language of sections 553 and 605 does not demonstrate whether Congress intended for a judge or a jury to hear claims for statutory damages. *See Storer Cable Commc'ns, Inc. v. Joe's Place Bar & Rest.*, 819 F. Supp. 593, 595-96 (W.D. Ky. 1993); *Gen. Instrument Corp. v. Nu-Tek Elecs. & Mfg.*, Civil Action 93-CV-3854, 1996 U.S. Dist. LEXIS 4946, at *2-5 (E.D. Pa. Apr. 12, 1996); *Joe Hand Promotions v. Blarney Stone*, 995 F. Supp. 577, 579 (E.D. Pa. 1998); *No Frills Rest.*, 15 F. Supp. 2d at 1362; *Joe Hand Promotions v.*

3

*Nekos*, 18 F. Supp. 2d 214, 216 (N.D.N.Y. 1998); *Nat'l Satellite Sports, Inc. v. Prashad*, 76 F. Supp. 2d 1359, 1360-61 (S.D. Fla. 1999); *Nat'l Satellite Sports, Inc. v. Cotter's Lounge, Inc.*, 88 F. Supp. 2d 1024, 1025 (E.D. Mo. 2000); *Time Warner Cable v. Kline*, 00 Civ. 2897 (KMW)(HBP), 2000 U.S. Dist. LEXIS 18280, at *7 (S.D.N.Y. Dec. 12, 2000); *Time Warner Cable of N.Y.C. v. Negovan*, 99 Civ. 5910 (NG)(MDG), 2001 U.S. Dist. LEXIS 15900, at *2-3 (E.D.N.Y. July 30, 2001); *J & J Sports Prods. v. Orellana*, No. 08-05468 CW, 2010 U.S. Dist. LEXIS 45299, at *6-7 (N.D. Cal. Apr. 19, 2010); *J&J Sports Prods. v. Jimenez*, No. 10cv0866 DMS (RBB), 2010 U.S. Dist. LEXIS 118222, at *3 (S.D. Cal. Nov. 8, 2010).

Therefore, the court must consider whether the Seventh Amendment guarantees a right to a jury trial for claims under 47 U.S.C. §§ 553 and 605. "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved …." U.S. Const. Amend. 7. Although referring to "suits at common law," the guarantee to a jury trial applies also to statutory actions that present claims analogous to common law claims for which a right to a jury trial was recognized in the 18th century. *Tull*, 481 U.S. at 417; *Feltner*, 523 U.S. at 348. "To determine whether a statutory action is more analogous to cases tried in courts of law than to suits tried in courts of equity or admiralty, [courts] examine both the nature of the statutory action and the remedy sought." *Feltner*, 523 U.S. at 348.

Obviously, claims for the piracy of cable or satellite television broadcasts were unknown in the 18th century. Thus, courts and litigants have struggled with how best to

4

characterize these claims. *See, e.g., Storer Cable Communications*, 819 F. Supp. at 596 (finding conversion an inadequate comparison*); General Instrument Corp.*, 1996 U.S. Dist. LEXIS 4946 *6 (finding comparison to "action at law to vindicate a tortious interference with a property right … an apt analogy"); *Blarney Stone*, 995 F. Supp. at 579 (same); *No Frills Rest.*, 15 F. Supp. 2d at 1363 (same); *Nekos*, 18 F. Supp. 2d at 217 (rejecting comparison to claims of copyright, trademark, and patent infringement); *Prashad*, 76 F. Supp. 2d at 1361-62 (rejecting comparison to claims of conversion as well as copyright, trademark, and patent infringement); *Cotter's Lounge,* 88 F. Supp. 2d at 1026 (stating that "the court is partially persuaded by" analogies to copyright, trademark, and patent claims and claims for interference with a property right); *Kline*, 2000 U.S. Dist. LEXIS 18280, at *8 (characterizing piracy claim as one of "conversion of the operator's intangible property"); *Negovan*, 2001 U.S. Dist. LEXIS 15900, at *10-11 (stating that "the attempts by courts to distinguish the property rights protected under the Communications Act from those under the copyright, trademark or patent laws make little sense"); *Orellana*, 2010 U.S. Dist. LEXIS 45299, at *8 (finding that the comparison to "torts involving interference with property rights, such as conversion … a suitable analogy"); *Joe Hand Promotions v. Toto Wibowo Lukito*, No. C-10-00209-JF, 2010 U.S. Dist. LEXIS 76279 (N.D. Cal. July 20, 2010) (following *Orellana*); *Jimenez*, 2010 U.S. Dist. LEXIS 118222, at *4-*5 (finding piracy claims "analogous to tort-based claims found at common law").

The court, however, need not opine as to which precise pigeonhole a claim under 47 U.S.C. § 553 or 47 U.S.C. § 605 fits. More important than "an abstruse historical search for the nearest 18th-century analog" is the characterization of the relief sought. *Tull*, 481 U.S. at 421 (internal quotation marks omitted). The courts that have concluded that litigants do not have a right to a jury trial with respect to claims under 47 U.S.C. §§ 553 and 605 have done so on the basis that the relief sought is restitutionary and, therefore, equitable. *Storer Cable Communications*, 819 F. Supp. at 596-97; *Nekos*, 18 F. Supp. 2d at 217; *Prashad*, 76 F. Supp. 2d at 1362; *see also Metrovision, Inc. v. Wood*, 864 F. Supp. 675, 679 n.1 (E.D. Mich. 1994) (following *Storer*).

In *Storer Cable Communications, Inc. v. Joe's Place Bar & Restaurant*, 819 F. Supp. 593, 596-97 (W.D. Ky. April 21, 1993), the court stated that "the election of remedies provided in § 553 and § 605 is very analogous to an election to sue for restitution." *Id.* at 596. According to that court, the remedy was restitutionary because the plaintiff's recovery was based on the wrongfulness of the defendant's conduct and the extent of the defendant's gain rather than the extent of the plaintiff's loss. *Id.* at 597.

"The analogy to restitution is somewhat awkward, however, in that [the statutes are] not simply concerned with the infringer's unjust enrichment, but with punishing willful violations of the statute." *No Frills Restaurant*, 15 F. Supp. 2d at 1364; *see also General Instrument Corp*, 1996 U.S. Dist. LEXIS 4946 *7 ("Restitution refers to the disgorgement of a defendant's unjust enrichment. But the statutory damages provision

of section 553 does not refer to the defendant's unjust enrichment. A plaintiff may recover statutory damages in an amount unrelated to the defendant's unjust enrichment.") (citing George E. Palmer, The Law of Restitution, § 1.1, at 1 (1978)). Moreover, "[t]his argument is flawed in failing to differentiate between restitution in the general sense, as a legal remedy for recovery for damages, as opposed to equitable restitution." *Negovan*, 2001 U.S. Dist. LEXIS 15900, at *16 (discussing *City of Monterey v. Del Monte Dunes*, 526 U.S. 687, 710-11 (1999)).

Congress may have enacted the statutes in part to serve a restitutionary purpose, but Congress also intended "to punish and deter further unlawful interception of communications, rather than merely make the wronged party whole again[.]" *Cotter's Lounge*, 88 F. Supp. 2d at 1026. Such punitive relief is decidedly legal rather than equitable in nature. *Tull*, 481 U.S. at 422. Moreover, the Supreme Court has "recognized the 'general rule' that monetary relief is legal, and an award of statutory damages may serve purposes traditionally associated with legal relief such as compensation and punishment." *Feltner*, 523 U.S. at 352 (quoting *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990)). A monetary remedy is not "rendered equitable simply because it is 'not fixed or readily calculable from a fixed formula.'" *Id.* at 353 (quoting *Tull*, 481 U.S. at 422 n.7).

The court agrees with the majority of courts that have considered the question and have concluded that parties have a right to have a jury decide claims for statutory

7

damages under 47 U.S.C. §§ 553 and 605. *See Gen. Instrument Corp.*, 1996 U.S. Dist. LEXIS 4946, at *7-8; *Blarney Stone*, 995 F. Supp. at 580; *No Frills Rest.*, 15 F. Supp. 2d at 1364; *Cotter's Lounge,* 88 F. Supp. 2d at 1026-27; *Kline*, 2000 U.S. Dist. LEXIS 18280, at *11; *Negovan*, 2001 U.S. Dist. LEXIS 15900, at *17-22; *Orellana*, 2010 U.S. Dist. LEXIS 45299, at *12; *Toto Wibowo Lukito*, 2010 U.S. Dist. LEXIS 76279, *8; *Jimenez*, 2010 U.S. Dist. LEXIS 118222, at *8-9; *Sky Cable, LLC v. Coley*, Civil Action No. 5:11cv00048, 2013 U.S. Dist. LEXIS 160571, *16 (W.D. Va. Nov. 7, 2013).

It is true that these cases generally involved disputes over both liability and statutory damages. As stated above, here liability is undisputed. In *Tull v. United States*, 481 U.S. 412 (1987), the Court considered the right to a jury trial with respect to an action to enforce the Clean Water Act and concluded that there existed a right to a jury trial regarding liability but that it was up to the judge to set the amount of the civil penalty. *Id.* at 425-27. However, any prospect that *Tull* authorized the court to assess statutory damages under 47 U.S.C. §§ 553 and 605 once liability is established was dispelled by the Court in *Feltner v. Columbia Pictures Tv*, 523 U.S. 340 (1998).

Although the Court in *Feltner* was addressing claims under the Copyright Act, in material respects the statute was very similar to those at issue here. The Court held that, with respect to statutory damages under the Copyright Act, "[t]he right to a jury trial includes the right to have a jury determine the amount of statutory damages, if any …." *Feltner*, 523 U.S. at 353. It distinguished *Tull* on the basis that the penalty imposed under

8

the Clean Water Act was paid to the government and thus more analogous to sentencing in a criminal proceeding. *Feltner*, 523 U.S. at 355.

In sum, 47 U.S.C. §§ 553 and 605 do not state whether a litigant has a right to a jury trial to determine statutory damages. However, such a right is guaranteed under the Seventh Amendment. Statutory damages are largely punitive and intended to deter piracy. As such, they are legal rather than equitable in nature.

**IT IS THEREFORE ORDERED** that, absent the defendants' withdrawal of their jury demand, *see* Fed. R. Civ. P. 38(d), the trial scheduled for April 2, 2019, shall be a jury trial. Each party's pretrial report shall fully comply with Civil L.R. 16(c) (E.D. Wis.). The court highlights that this includes the submission of "proposed instructions on substantive issues" and "a proposed verdict form." Civ. L.R. 16(c)(1)(H). The parties should not simply submit or identify pattern jury instructions but must submit proposed jury instructions edited in a manner so that they are complete and in a form ready to be read to the jury.

Dated at Milwaukee, Wisconsin this 11th day of February, 2019.

*[signature: William E. Duffin]*
WILLIAM E. DUFFIN
U.S. Magistrate Judge